FILED'11 MAY 23 09:25 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ROBERT EARL FORT,

        Plaintiff,        Civil No. 10-1407-AA

        v.        ORDER

A. MAUNEY, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff, an inmate at the Snake River Correctional Institution (SRCI) filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his Eighth and Fourteenth Amendment rights when they failed to protect him from another inmate, fabricated a misconduct report, and improperly placed him in the Disciplinary Segregation Unit (DSU). Plaintiff seeks declaratory and injunctive relief and damages.

    Defendants now move for summary judgment on the grounds that 1.) Plaintiff failed to properly exhaust his administrative remedies prior to filing suit; 2.) There is no genuine issue of material fact as to whether defendants

1 - ORDER

violated plaintiff's constitutional rights, and 3.) Defendants are qualifiedly immune from suit. Motion for Summary Judgment (#26).

For the reasons discussed below, I find that there is no genuine issue of material fact as to whether defendants violated plaintiff's constitutional rights and that defendants are entitled to judgment as a matter of law. Therefore, it is not necessary to address defendants' the exhaustion of administrative remedies and qualified immunity arguments.

The relevant facts are as follows: On August 2, 2010, plaintiff was observed to be in an altercation with another inmate, Jesse Brower-Gillpatrick. Correctional Officer Mauney observed plaintiff repeatedly punching inmate Brower-Gillpatrick in the face. Plaintiff ignored Officer Mauney's order to stop and began to "stomp inmate Brower-Gillpatrick's head." Declaration of Ron Meyers (#29) p. 2. Plaintiff did not stop the assault until he was taken to the floor by the response team and removed from the housing unit. Inmate Brower-Gillpatrick was never seen hitting plaintiff.

Plaintiff was subsequently issued a misconduct report charging several rules violations. At a disciplinary hearing on August 16, 2010, plaintiff requested an investigation which was ordered.

The disciplinary hearing was reconvened on September 14, 2010, and after reviewing the investigator's report and other evidence, Hearings Officer Ron Meyers found plaintiff had

2 - ORDER

violated several rules. On September 16, 2010, Officer Meyers issued a Findings of Fact, Conclusions, and Order recommending sanctions. Declaration of Ron Meyersd (#29) attachment 4. On September 16, 2010, the Assistant Superintendent affirmed Officer Meyer's recommendations. Plaintiff requested administrative review and on December 6, 2010, Inspector General Stan Czerniak affirmed the Findings of Fact, Conclusions, and Order. Id.

"[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal citations omitted). To establish an Eighth Amendment claim for failure to protect an inmate form violence, the plaintiff must show that he was incarcerated under conditions posing a "substantial risk of serious harm" and that the prison official displayed deliberate indifference to inmate health and safety. Id. At 834. The inmate must first "make an objective showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation." Herns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). Second, the inmate "must make a subjective showing that the prison official acted with a sufficiently culpable state of mind." Id. To establish the subjective component of deliberate indifference, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which

3 - ORDER

the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

In this case, plaintiff has failed to satisfy either prong of *Farmer*. First, plaintiff has not established any harm suffered at the hand of inmate Brower-Gillpatrick was "sufficiently serious" to constitute an Eighth Amendment violation. Defendants evidence indicates that plaintiff attacked Brower-Gillpatrick, not vice versa. However, even if there is an issue of fact regarding who attacked who, it is not material because plaintiff has not established that he suffered any serious harm.

Although it is not necessarily dispositive, the absence of serious physical injury is relevant to an Eighth Amendment claim. Hudson v. McMillian, 503 U.S. 1 (1992) Absent the most extraordinary circumstances, a plaintiff cannot prevail on a Eighth Amendment excessive force claim if his injury is *de minimus*. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994), cert. denied, 513 U.S. 1114 (1995); see also, Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Knight v. Caldwell, 970 F.2d 1430, 1432-33 (5th Cir. 1992) (no Eighth Amendment excessive force claim without physical injury).

Plaintiff alleges that "the doctor informed (him) that he had a broken rib and a bunch of fractures." Affidavit in Support of Motion (#37), p. 12. However, the Radiology Report submitted in support of plaintiff's allegation in this regard

4 - ORDER

states: "There is some irregularity in the anterior 7th rib on the left. This may be projection only, but it is somewhat irregularity (sic) and fracture cannot be totally excluded. The remaining bony thorax appears to be intact. There is no pneumothorax of pulmonary contusion seen." Id. Exhibit 17(A).

Thus, plaintiff *may* have sustained a broken rib at some point during the altercation - an injury which I find is *de minimis*.

Assuming that plaintiff could establish "sufficiently serious" harm as a result of defendant Mauney's conduct, he has not established, or even presented any evidence, that Mauney was subjectively aware of a substantial risk of harm to plaintiff. The incident giving rise to plaintiff's claims occurred on Mauney's first day of working inside OSCI and he did not know either plaintiff or Brower-Gillpatrick prior to the incident. Affidavit of Aaron Mauney (#27). Therefore, Mauney could not have been aware of "facts from which the inference could be drawn that a substantial risk of serious harm exists" and he did not "draw the inference." *Farmer*, 511 U.S. at 837-38.

Plaintiff also seeks to hold defendants Nooth, Leavitt, Hannon and Rodriguez liable for his failure to protect claim and names these defendants in their individual and official capacities. Plaintiff's theory against these defendants appears to be that defendant Mauney failed to protect plaintiff in violation of SRCI policy and procedure due to

5 - ORDER

inadequate training and supervision.

The Eleventh Amendment bars plaintiff's claims against these defendants in their official capacities. <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89 (1984); <u>Will v. McihiganMay 18, 2011ept. Of State Police</u>, 491 U.S. 58 (1989); <u>Brooks v. Sulpher Springs Valley Elect. Co-Op</u>, 951 F.2d 1050 (9th Cir. 1991). State officials are not liable under 42 U.S.C. §1983 in their individual capacities on a *respondeat superior* theory. <u>Monell v. Dept. of Social Services of City of New York</u>, 436 U.S. 658, 691-694 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362, 375-76 (1976); <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987).

Moreover, any liability of these defendants would be derivative of defendant Mauney's liability for a constitutional violation. As discussednoted above, plaintiff has failed to establish an Eight Amendment claim for failure to protect. Accordingly, all of the defendants are entitled to judgment as a matter of law as to plaintiff's Eighth Amendment claim.

Plaintiff alleges that Hearings Officer Meyers denied plaintiff his Fourteenth Amendment due process rights in connection with the disciplinary hearing because Mauney based his findings on false testimony and a fabricated misconduct report. Complaint (#2) p. 22-23.

Due process claims involve a determination of (1) whether a governmental actor interfered with a recognized liberty or

6 - ORDER

property interest; and (2) whether the procedures surrounding the alleged interference were constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 F.2d 454, 460 (1989). In the context of prison regulations, liberty interests are generally limited to "freedom from restraint which ... imposes (an) atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v Conner, 515 U.S. 472 (1995).

Due process requirements for an inmate at a disciplinary hearing were established in Wolff v. McDonnell, 418 U.S. 539, 560 (1979) as follows. The inmate must (1) have an opportunity to appear before the decision making body, (2) have staff representation if he wishes, (3) have written notice of the charge against him in advance of the hearing;, (4) have conditional opportunity to present witnesses and documentary evidence, and (5) have a written statement of the evidence relied upon and the reasons for the sanction taken. Wolff v. McDonnell, supra at 563-73; see also, Meachum v. Fano, 427 U.S. 215 (1976) Sandin v. Conner, supra. Judicial review of a prison disciplinary action is limited to whether the requirements set forth in Wolff v. McDonnell were met and whether there is "some" evidence to support the finding. Superintendent v. Hill, 472 U.S. 445. 454 (1985).

"As long as an inmate charged with misconduct has been afforded the procedural due process protections required by the Supreme Court's decision in Wolff v. McDonnell, 418 U.S.

7 - ORDER

539 (1974), an allegation that he was falsely accused does not state a claim for violation of his constitutional rights, at least where, as here, the false charges are not alleged to have been filed in retaliation for the inmates exercise of his constitutional rights." Kings v. Capps, 2009 WL 536445, *2 (D.Or. Mar.3, 2009) (citing MacLean v. Secor, 876 F. Supp. 695, 699 (E.D. Pa. 1995)); Winn v. Ely, 2008 WL 570958, *4 (D. Or. Feb 28, 2008)(same).

In this case, petitioner has not alleged that the misconduct report was fabricated in retaliation of his exercise of his constitutional rights or alleged any specific due process violation.

The record reflects that plaintiff was provided a written notice of the charges on August 3, 2010, and the hearing convened nearly two weeks later on August 16, 2010, and was then set over until September 14, 2011 in order for an investigation to be conducted. The hearing was before an impartial tribunal of a hearings officer, and the notice of hearing/inmates rights notified plaintiff that he had the opportunity to call witnesses to testify on his behalf and present evidence. Declaration of Ron Meyers (#29), attachment 2. Based on the evidence, the hearings officer concluded that plaintiff violated the rules in the misconduct report and wrote a Findings of Fact, Conclusion, and Order explaining his decision. Id. The Findings of Fact, Conclusion, and Order establish that there was "some evidence"

8 - ORDER

to support Meyer's determination that plaintiff violated the rules as charged in the misconduct report. See Declaration of Ron Meyers, (#29) attachment 4.

There is no genuine issue of fact as to whether plaintiff was afforded due process in connection with the disciplinary hearing and defendants are entitled to judgment as a matter of law on plaintiff's due process claim.

Plaintiff alleges that his due process rights were violated due to his placement in DSU. Complaint (#2) p. 16.

The Fourteenth Amendment Due Process Clause applies only where there is a constitutionally protected liberty or property interest at stake. Ingram v. Wright, 430 U.S. 651 (1977); Board of Regents v. Roth, 408 U.S. 564 (1972). Thus, in order to prevail, plaintiff must establish that he had a liberty interest in being free from being placed in disciplinary segregation. Sandin v. Conner, 515 U.S. at 487.

This court has held regarding placement in disciplinary segregation: "[B]ecause plaintiff's confinement in disciplinary segregation was consistent with the 'confinement ordinarily contemplated within the sentence imposed' and did not impose any 'atypical and significant hardship ... in relation to the ordinary incidents of prison life,' Sandin at 484, no due process guarantees attach to the imposition of that sanction." Steele v. Czerniak, 2006 WL 1804564, *2 (D.Or. June 27, 2006); see also, Hudson v. Belleque, 2009 WL 2015396, *3 (D. Or. July 6, 2009)(84 day sanction insufficient

9 - ORDER

to trigger due process requirements; collecting cases in the District of Oregon noting that 180 day sanction insufficient to implicate due process.

In this case, the 180 day sanction did not increase the duration of plaintiff's incarceration or otherwise trigger due process guarantees. However, even if plaintiff's placement in DSU did give rise to due process concerns, as discussed above, plaintiff was afforded due process at his disciplinary hearing. Defendants are entitled to judgment as a matter of law as to plaintiff's claim concerning his placement in DSU.

Based on all of the foregoing, I find that there are no genuine issues of material fact remaining in this case and that defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment (#26) is allowed. This action is dismissed with prejudice.

IT IS SO ORDERED

DATED this 20th day of May, 2011.

_____
Ann Aiken
United State District Judge

10 - ORDER